A. KASTANOS et al., Appellants,

v.

Cristobal RAMOS et al., Appellees.

No. B1962.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 25, 1979.

Rehearing Denied May 16, 1979.

---

James C. Moore, Ross, Griggs & Harrison, Houston, for appellants.

Henry G. Dalehite, Jr., Dalehite & Youngblood, Galveston, Sidney Ravkind, Mandell & Wright, Robert C. Floyd, Butler, Binion, Rice, Cook & Knapp, Houston, for appellees.

Before BROWN, C. J., and COULSON and CIRE, JJ.

COULSON, Justice.

This is a jury misconduct case. Appellants Kastanos, Ladas, and Fostiropoyloy appeal from a judgment in the amount of $160,697.04 in favor of appellee Cristobol Ramos. They contend that certain factors were improperly considered by the jury, resulting in probable harm to them in the form of a higher finding of damages.

Appellee Ramos was injured in 1973 while working as a longshoreman on a ship owned by appellants. He sued appellant shipowners and the owner and operator of the crane involved in the incident. The jury absolved the latter of any negligence and found damages in the amount of $150,000.00 to have been suffered by appellee as a result of appellants' negligence. The parties had previously stipulated medical expenses of $10,697.04, and accordingly the trial court entered a judgment for appellee for $160,697.04.

Appellants moved for a new trial on the ground of jury misconduct. In the hearing on the motion appellants called three jurors to testify as to matters not in evidence allegedly discussed and considered during deliberation. These included the percentage of the award which would go to attorney's fees, speculation that appellee would have to pay back money advanced by his union, appellants' insurance coverage, and appellee's medical expenses. The trial judge overruled the motion for a new trial and this appeal followed. We reverse and remand for a new trial.

Rule 327, Tex.R.Civ.P., provides that a new trial may be granted on grounds of jury misconduct when it is shown that such misconduct occurred, that it was material, and that it reasonably appears from the entire record that injury probably resulted to the complaining party. It is undisputed here that material misconduct occurred. We hold that probable injury, which is a question of law, was shown by appellants.

The record shows that at numerous times during deliberation on the damages issue various improper elements were discussed by the jury. In addition, the jury sent a note to the judge during this time inquiring what percentage of the award would be paid to appellee's attorney. The testimony at the motion for a new trial indicated that this percentage was estimated by the jurors to be from sixty-five to sixty-seven percent.

This case is controlled by that of *White Cabs v. Moore*, 146 Tex. 101, 203 S.W.2d 200 (1947). There the supreme court, consider-

ing a remarkably similar fact situation, held that a jury's discussion of attorney's fees is calculated to prejudice the rights of the defendant. While the record here shows a number of rebukes by the jurors and instructions by the judge, it also appears that the improper elements of damage were repeatedly brought up for discussion, even after these attempted corrective measures.

As in *White Cabs*, the jurors were divided, some favoring a higher figure and some a lower. They ultimately agreed on a sum falling between the two. "We do not know that the . . . jurors who had voted for [a lower figure] were in fact induced by a discussion of attorney's fees to agree to a verdict of [$150,000.00], for we cannot know what their mental processes were. But we believe that the reasonable conclusion . . is that they were probably induced by that discussion to agree to the answer that was made." *White Cabs, supra,* at 202.

Appellants do not complain directly that the verdict was excessive. Even were we to believe, however, that the amount of damages awarded finds support in the record, this can have no bearing on our decision. "[W]e would not be justified in holding by reason of that conclusion that no probable injury resulted to [appellants] from the misconduct of the jury. That would be an invasion of the province of the jury." *White Cabs, supra,* at 203.

While it appears that the misconduct occurred only in connection with the damages issue, we are prevented by Rule 434, Tex.R. Civ.P., from separating this aspect of the case from the liability issues involved. Further, we feel that in the context of this case the consideration of improper matters tainted the entire outcome, and therefore reverse and remand as to all parties.

Reversed and remanded.